## Great Western Oil Refining & Pipe Line Company, Defendant in Error, v. Chicago, Milwaukee & St. Paul Railway Company, Plaintiff in Error.

### Gen. No. 20,770.

Municipal Court of Chicago, § 6*—*when without jurisdiction on question of interstate commerce.* The Municipal Court of Chicago has no jurisdiction of a controversy as to whether or not a carrier charged on an interstate shipment a greater sum than it was authorized to charge by its schedule of rates posted and filed with the Interstate Commerce Commission.

Error to the Municipal Court of Chicago; the Hon. Robert H. Scott, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed March 29, 1915. Rehearing denied April 17, 1915.

J. N. Davis and C. S. Jefferson, for plaintiff in error; H. H. Field, of counsel.

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

CHICAGO—FIRST DISTRICT—MARCH, 1915.     209

G. W. O. R. & P. L. Co. v. C., M. & St. P. Ry. Co., 192 Ill. App. 208.

OSSIAN CAMERON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment recovered by the Great Western Oil Refining and Pipe Line Company against the defendant Railway Company for alleged overcharges on one carload of petroleum tailings shipped from Erie, Kansas, to Racine, Wisconsin, and two carloads of the same commodity shipped from Erie, Kansas, to Deerfield, Illinois. The published tariff rate on petroleum tailings at the time of the shipment was 18 cents per one hundred pounds. The tariff rate on fuel oil was 27 cents per one hundred pounds. The contention of the defendant was that the commodity transported was fuel oil and that it properly collected freight at the rate of 27 cents per one hundred pounds. The excess of the amount collected on a basis of 27 cents per one hundred pounds over the amount of the freight at 18 cents per one hundred pounds amounted to $174.66, and for that amount plaintiff sued and recovered judgment.

The question in the case is whether the defendant collected a greater sum than it was authorized to charge by its schedule of rates posted and filed with the Interstate Commerce Commission. This turns upon the question whether the terms "petroleum tailings" and "petroleum fuel oil" are interchangeable and cover but one commodity, or refer to and cover two distinct and separate commodities.

In *Texas & P. Ry. Co. v. American Tie & Timber Co., Ltd.*, 234 U. S. 138, the joint through rate on lumber from points in Louisiana and Texas was 24 cents per one hundred pounds, and there was no tariff on cross-ties. The railway company refused to transport ties from Arkansas to Linwood, Kansas, on the ground that it had no rate on cross-ties. The plaintiff contended that the ties were lumber and the rate for lum-

ber applied to the transportation of cross-ties. It was held by the Supreme Court, Mr. Chief Justice White delivering the opinion, that:

"Whether a class tariff includes a particular commodity is a controversy primarily to be determined by the Interstate Commerce Commission in the exercise of its power concerning tariffs and the authority to regulate conferred upon it by the Act to Regulate Commerce.

The courts may not, as an original question, exert authority over subjects which primarily come within the jurisdiction of the Interstate Commerce Commission.

Whether cross-ties are or are not lumber and therefore within the tariffs filed for the latter is a question on which there is a great diversity of opinion even among experts upon the subject, and one that should be determined in the first instance by the Interstate Commerce Commission."

We regard the decision in the case cited as conclusive on the question presented in this case. Whether the terms "petroleum tailings" and "fuel oil" are but different names for the same commodity and cover but one commodity, and the commodity is therefore within the tariff for petroleum tailings, or the terms refer to and cover two distinct and separate commodities, is a question on which the evidence in the record is conflicting, and one that should, under the decision of the Supreme Court, be decided in the first instance by the Interstate Commerce Commission. It follows that in our opinion the Municipal Court was without jurisdiction of the subject-matter, and the judgment will therefore be reversed.

*Reversed.*